

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JEROME GARCIA,              § | |
|     Plaintiff,       § | |
|     § | |
| vs.                                   § | Civil Action No.: 3:24-38-MGL |
|     § | |
| SOUTH CAROLINA PUBLIC SAFETY, § | |
| DWAYNE DAVIDSON, and ROBERT § | |
| WOODS,                         § | |
|     Defendants.     § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS MATTER WITHOUT PREJUDICE
AND WITHOUT FURTHER LEAVE FOR AMENDMENT**

Plaintiff Jerome Garcia (Garcia) brought this action against Defendants South Carolina Public Safety, Dwayne Davidson, and Robert Woods under 42 U.S.C. § 1983. He is representing himself.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court dismiss this matter without further leave for amendment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge issued the Report on February 15, 2024. Garcia objected on February 26, 2024.

Garcia alleges the driver of a white Camaro, who he contends was a police officer, rear-ended him after an incident of road rage. Garcia insists the accident was the other driver's fault, but he was arrested for lacking car insurance or driver's license.

For the most part, Garcia makes nothing more than non-specific objections to the Report and contentions irrelevant to his claims. Nevertheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below. Moreover, it has reviewed the Report and the record de novo and failed to find any error.

First, Garcia makes several arguments regarding his assertion he brought this case within the statute of limitations. The Magistrate Judge mentioned in a footnote "[i]t appears this case may be subject to dismissal based on the statute of limitations." Report at 1. She based her recommendation of dismissal, however, on other grounds.

The Court therefore need not discuss the statute of limitations. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) (explaining the Court need not discuss all arguments if the first are dispositive). It will accordingly overrule these objections.

Further, Garcia makes several objections regarding the alleged impropriety of certain child support obligations. His amended complaint, however, fails to raise facts related to this issue. The Court will thus also overrule these objections.

Next, Garcia contends the Magistrate Judge erred in applying the *Rooker-Feldman* doctrine.

Under the *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) (*Rooker-Feldman*) doctrine, federal courts have no appellate jurisdiction over state courts. This doctrine "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeals." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1987).

The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (internal quotation marks omitted) (citation omitted). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001) (quoting *Plyler*, 129 F.3d at 731).

*Rooker-Feldman* is a narrow doctrine that is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (internal quotation marks omitted) (citation omitted).

Garcia posits the *Rooker-Feldman* doctrine applies only when federal litigants challenge the results of state jury trials. This is simply incorrect. *See, e.g.*, *Jordahl*, 122 F.3d at 199 (explaining *Rooker-Feldman* doctrine applied in Section 1983 suit claiming injury resulting from state court imposing injunction).

In this case, Garcia contends his state court conviction of driving under a suspended license is invalid because, among other reasons, the state court failed to provide notice of his trial. The

3

Court determines these allegations are inextricably intertwined with the state court decision, and thus these claims are barred by the *Rooker-Feldman* doctrine.

The Court will thus overrule these objections, as well.

Moreover, Garcia posits the Magistrate Judge misapplied *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" invalidated. *Id.* at 486–87.

In addressing a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

To the extent Garcia disputes the validity of his conviction and seeks damages related to the alleged wrongdoing, his conviction has yet to be invalidated. Thus, the Court is unable to award damages for such claims.

Therefore, the Court will overrule this objection, too.

Additionally, Garcia insists the Magistrate Judge misconstrued his "right to travel" arguments. This concerns his contention licensing and insurance requirements are unconstitutional and discriminatory against his wish to move to South Carolina.

But, Garcia has failed to raise any issues that displace the Magistrate Judge's reasoning. As she explained, states may use their constitutionally protected police power to regulate motor vehicle operation, including by requiring vehicle registration and driver's licensing. *Hendrick v. State of Md.*, 235 U.S. 610, 622 (1915) (reasoning "uniform regulations necessary for public safety

and order in respect to the operation upon its highways of all motor vehicles" are "belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens").

And, Garcia alleges no facts to support his conclusion Defendants denied him "the same rights and benefits as other" South Carolinians by requiring him to have a driver's license and insurance. Objections at 12.

Thus, the Court will also overrule this objection.

Because these issues, taken together, eliminate all Garcia's claims, the Court need not consider the remainder of Garcia's objections. *See Karsten*, 36 F.3d at 11 (4th Cir. 1994) (explaining the Court need not discuss superfluous arguments).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this matter is **DISMISSED WITHOUT PREJUDICE** and without further leave for amendment. Accordingly, Garcia's motion for injunctive relief is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 10th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.